UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

PATRICK HENRY GIVHAN,

    Defendant.

Case No. 24-20170
Honorable Laurie J. Michelson

**OPINION AND ORDER ON DEFENDANT'S
POST-CONVICTION MOTIONS [31, 32]**

By way of a guilty plea, Patrick Givhan admitted to possessing, on February 23, 2024, a Glock firearm and a large-capacity magazine compatible with that firearm. (ECF No. 18, PageID.40.) Givhan further admitted that at the time he possessed this firearm, he had previously been convicted of a felony offense and knew of his felony status. (*Id*.) He also admitted that the firearm he possessed traveled in interstate commerce. (*Id*.) These admissions created an adequate factual basis for a conviction of being a felon in possession of a firearm. *See Rehaif v. United States*, 588 U.S. 225, 227 (2019). Thus, the Court accepted Givhan's guilty plea and ultimately sentenced him on November 19, 2024, to 48 months' imprisonment. (ECF No. 28.)

Less than a year later, on August 25, 2025, Givhan filed a motion to vacate his sentence under 28 U.S.C. § 2255. (ECF No. 32.) The basis is not entirely clear. But a fair reading seems to be that Givhan believes the Supreme Court's ruling in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022) renders him "actually innocent,"

such that his conviction and sentence should be vacated on collateral review. (ECF No. 32, PageID.241.) Givhan's arguments not only fail legally, but he waived his right to even bring them. Thus, his § 2255 motion is DENIED.

## I.

A prisoner in custody under a sentence imposed by a federal court may move the court to vacate, set aside, or correct his sentence on certain grounds, including that "the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a).

"To prevail under § 2255, a defendant must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea" or "must show a fundamental defect in his sentencing which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Wright v. United States*, 182 F.3d 458, 463 (6th Cir. 1999). It is the defendant's burden to show his entitlement to relief. *See Potter v. United States*, 887 F.3d 785, 787–88 (6th Cir. 2018).

In evaluating a § 2255 motion, an evidentiary hearing is not required if the defendant's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007). In other words, a hearing is not necessary if the motion, record of prior proceedings, and governing law "conclusively show that the [defendant] is entitled to no relief." 28 U.S.C. § 2255(b);

*see* Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255, Rule 4(b) (amended 2019).

Here, there are no disputed factual issues. The motion raises purely legal issues that can be decided on the current record.[1] So there is no need for a hearing. Nor, as the Court explains below, is there a basis to grant Givhan's requested relief.

## II.

At the outset, the Court addresses Givhan's precursor "motion for tolling consideration/access-to-the-courts claim." (ECF No. 31.)

Also less than clear, the essence of this motion appears to be that the conditions of Givhan's confinement prevented him from timely filing a motion under 28 U.S.C. § 2255. But Givhan timely filed his motion within a year of the judgment becoming final. 28 U.S.C. § 2255(f). So no tolling is needed. If, however, Givhan wants to challenge those conditions of confinement, his § 2255 motion is not the proper vehicle. *See United States v. Cisneros*, No. 12-132, 2019 U.S. Dist. LEXIS 183749, at *64 (W.D. Mich. Oct. 24, 2019); *United States v. Gonyea*, No. 94-80346, 2012 U.S. Dist. LEXIS 151202, at *5 (E.D. Mich. Oct. 22, 2012); *Berryhill v. United States*, No. 15-815, 2016 WL 2610258, at *8 (N.D. Ohio May 6, 2016) (collecting cases). Instead, he would need to bring a separate civil rights action, if warranted, pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), in the appropriate venue. *Berryhill*, 2016 WL 2610258, at *8; *see also United States v.*

---

[1] The government responded to Givhan's motion (ECF No. 38) and he did not file a reply.

3

*Bradley*, No. 06-20416, 2012 U.S. Dist. LEXIS 109287, at *7 (W.D. Tenn. Aug. 6, 2012) ("To the extent Bradley believes her conditions of confinement violate her constitutional rights, she must file the appropriate complaint pursuant to *Bivens* . . . in the district of her confinement.").

Thus, Givhan's motion for tolling is DENIED to the extent it is not needed for the Court to now address his § 2255 motion (ECF No. 32).

### III.

Turning to that motion, the analysis begins and ends with Givhan's plea agreement. In that agreement, Givhan was advised of the many rights he would waive by pleading guilty. (ECF No. 18.) This included his right to "collateral review." (*Id.* at PageID.49.) That is, Givhan expressly agreed not to challenge his conviction or sentence "on any grounds under 28 U.S.C. § 2255," except for a properly raised claim of ineffective assistance of counsel or prosecutorial misconduct (*id.*), neither of which are raised by Givhan in the instant motion (ECF No. 32).

A defendant may waive any right, constitutional or statutory, through a plea agreement. *United States v. Bradley*, 400 F.3d 459, 463 (6th Cir. 2005). "It follows that a defendant may waive his right to bring future postconviction challenges, which are not constitutionally required, so long as the waiver is knowing and voluntary." *Portis v. United States*, 33 F.4th 331, 335 (6th Cir. 2022) (citing *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999)). Givhan does not challenge the voluntariness of the plea, nor could he. Under Federal Rule of Criminal Procedure 11, the Court must ensure that "the defendant understands his or her applicable

4

constitutional rights, the nature of the crime charged, the consequences of the guilty plea, and the factual basis for concluding that the defendant committed the crime charged" before accepting the defendant's plea. *United States v. Webb*, 403 F.3d 373, 378–79 (6th Cir. 2005). The Court did so here through a thorough plea colloquy. Accordingly, Givhan's plea was unquestionably made knowingly and voluntarily.

In sum, the collateral review waiver in Givhan's plea agreement precludes this collateral review motion.

## IV.

Even if it did not, Givhan's motion still fails on the merits.

Givhan did not raise any Second Amendment challenge to his conviction on direct appeal (likely due to the separate appeal waiver in his plea agreement (ECF No. 18, PageID.49)). And claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows either "cause and actual prejudice, or that he is actually innocent." *Vanwinkle v. United States*, 645 F.3d 365, 369 (6th Cir. 2011) (internal quotation marks omitted) (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998)); *see also Wallace v. United States*, 43 F.4th 595, 602 (6th Cir. 2022) (explaining that "[u]nder the Supreme Court's procedural-default rule," a defendant's failure to raise a claim "during the 'main event' (his criminal litigation) means that he presumptively cannot raise it in an after-the-fact § 2255 motion"). Givhan makes no attempt to establish cause or prejudice. These arguments, therefore, have been forfeited. *See Tri-State Wholesale Bldg. Supplies, Inc. v. NLRB.*, 657 F. App'x 421,

5

425 (6th Cir. 2016) (noting that the Sixth Circuit has "consistently held that arguments not raised in a party's opening brief . . . are waived, or at least forfeited").

So that leaves actual innocence. To establish actual innocence, "a petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Phillips v. United States*, 734 F.3d 573, 582 (6th Cir. 2013) (quoting *Bousley*, 523 U.S. at 623); *accord Waucaush v. United States*, 380 F.3d 251, 254 (6th Cir. 2004). "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Phillips*, 734 F.3d at 582 (internal quotation marks omitted). Thus, the Court must look at all the evidence of guilt in the record and determine whether, as a matter of law, the government could establish that Givhan violated the felon in possession statute. *Waucaush*, 380 F.3d at 254.

The Court does not need to look beyond the plea agreement and the description of the offense conduct in the Presentence Report (to which there was no objection) to conclude that Givhan was guilty of being a felon in possession of a firearm. He admitted all of the elements that the Supreme Court requires under *Rehaif*, including that "he knew that he been convicted of a crime punishable by imprisonment for a term exceeding one year when he possessed the Glock pistol." (ECF No. 18, PageID.40; *see also* ECF No. 22, PageID.101 (Sealed).) Givhan resists this conclusion by arguing that he "should not have received any firearm charge as he legally was in his Second Amendment right to possess a firearm." (ECF No. 32, PageID.245.) He relies primarily on the Supreme Court's rulings in *United States v. Rahimi*, 602 U.S. 680 (2024), and *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022).

6

But these cases are not the saviors Givhan believes them to be. As the Sixth Circuit recently explained:

> The Supreme Court in *Rahimi* did not declare § 922(g)(1) unconstitutional. *Rahimi*, 602 U.S. at 702. Instead, it held, in the context of a § 922(g)(8) conviction, that "[a]n individual found by a court to pose a credible threat to the physical safety of another may be temporarily disarmed consistent with the Second Amendment." *Id*. And in *Bruen*, the Supreme Court acknowledged an individual's right to possess a handgun for self-defense outside his home but noted that "the right secured by the Second Amendment is not unlimited." *Bruen*, 597 U.S. at 10, 21 (quoting *District of Columbia v. Heller*, 554 U.S. 570, 626, 128 S. Ct. 2783, 171 L. Ed. 2d 637 (2008)). Neither case directly supports [defendant's] claim that his conviction is unconstitutional. Moreover, the Supreme Court has not made either case retroactively applicable to cases on collateral review.

*In re Berry*, No. 24-5911, 2025 U.S. App. LEXIS 15078, at *2–3 (6th Cir. June 17, 2025).

Additionally, post-*Bruen*, the Sixth Circuit has ruled that the felon-in-possession statute, 18 U.S.C. § 922(g)(1), "is constitutional on its face and as applied to dangerous people." *United States v. Williams*, 113 F.4th 637, 662–63 (6th Cir. 2024). A defendant seeking to raise an as applied challenge must make "an individualized showing that he himself is not actually dangerous." *Id*. at 663. "A person convicted of a crime is 'dangerous,' and can thus be disarmed, if he has committed (1) a crime 'against the body of another human being,' including . . . robbery, or (2) a crime that inherently poses a significant threat of danger, including . . . burglary." *Id*. Givhan's lengthy criminal history includes convictions for attempted breaking and entering, domestic violence, and felonious assault. (ECF No. 22, PageID.103–113 (Sealed).) As such, Givhan qualifies as a

7

"dangerous" individual to whom § 922(g)(1)'s prohibition on gun possession may lawfully apply. *See, e.g.*, *United States v. Martin*, No. 24-3750, 2025 U.S. App. LEXIS 17269, at *8 (6th Cir. July 11, 2025) (finding dangerousness evidenced by prior domestic violence conviction); *United States v. Gray*, No. 24-20145, 2025 U.S. Dist. LEXIS 14968, at *8 (E.D. Mich. Jan. 28, 2025) (finding dangerousness evidenced by convictions for felony assault and attempted home invasion).

In sum, Givhan has not established his actual innocence. Thus, his Second Amendment claims are procedurally defaulted.

## V.

For these reasons, Givhan's motion to toll and motion to vacate (ECF Nos. 31, 32) are DENIED.

The Court further finds that reasonable jurists could not debate whether "the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted). Givhan has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Thus, a certificate of appealability is DENIED. The Court will, however, grant Givhan leave to appeal *in forma pauperis*.

IT IS SO ORDERED.

Dated: October 20, 2025

                                     s/Laurie J. Michelson
                                     LAURIE J. MICHELSON
                                     United States District Judge